## (December 22, 1971)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MELVIN LINZY, Also Known as MELVIN LINEAR, Appellant.— Appeal from a judgment of the County Court, Ulster County, rendered upon a jury verdict convicting appellant of the crime of rape in the first degree. This appeal raises as issues whether the complainant's testimony was sufficiently corroborated, pursuant to section 130.15 of the Penal Law and whether the Trial Judge erred in charging the jury that they could consider the exhibits as such corroboration. There is no real question that the record affords sufficient corroboration that the crime of rape was committed by forcible compulsion, and thus the issue in dispute is whether there is sufficient corroboration of complainant's contention that appellant was the person who perpetrated the crime. We find that there was (People v. Hutchings, 36 A D 2d 659; People v. Duegaw, 34 A D 2d 1043; People v. Marshall, 5 A D 2d 352). The complainant had ample time to observe her assailant whom she subsequently described to the police and positively identified in court (People v. Dow, 34 A D 2d 224; People v. Chumley, 24 A D 2d 805). Moreover, the complainant described, with reasonable particularity, and later confirmed, both in court and out of court, that the appellant's car, which was stipulated to as his, was the vehicle which transported her to the location of the attack (People v. Chumley, supra). And finally and most importantly the complainant described a ring worn by her attacker and a ring matching that description was taken from appellant at the time of his arrest (People v. Duegaw, supra). The jury could thus properly find sufficient corroborating evidence upon which to base a guilty verdict. We find no merit in appellant's contention that the trial court erred in its charge to the jury and, accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Reynolds, Cooke and Simons, JJ., concur; Herlihy, P. J., and Greenblott, J., dissent, and vote to reverse and grant a new trial, in the following memorandum: The complainant, a 17-year-old female Caucasian, a resident of Ulster County, willingly accepted a ride with a black male stranger, at about 8:30 in the evening. She spent approximately two hours with him and the course of events which she recites in her testimony as to the actions between herself and the defendant, before and after the act of intercourse, are not the usual facts constituting a forcible rape within the intendment of the Penal Law. (Cf. People v. Dafoe, 31 A D 2d 893.) The defendant never admitted to having intercourse with the complainant and upon the trial denied any guilt and offered an alibi. While his testimony as to his whereabouts on the day in question related to events occurring at times not relevant to the crucial hours of 8:30–10:30 P.M. on that day, the testimony placed him in the company of several black migrant workers at a place known as the Tom Currie farm or camp. Whether or not he was in Modina on that particular day would appear to have little relevance unless it was established that such presence occurred in the early evening hours of the days in question.

(See *People* v. *Masse,* 5 N Y 2d 217.) The People on their direct case offered no evidence that the automobile conceded to belong to the defendant, and which the complainant identified, was in and about the vicinity where the alleged rape occurred on the day in question. Other than the complainant's testimony that she was in fact inside that particular car, there is no independent evidence — circumstantial or direct — to support her testimony. The identification by the complainant of the defendant's ring is of no more consequence than her identification of the defendant himself and does not provide corroboration of the identity of the defendant within the meaning of the statute. (Cf. *People* v. *Masse, supra.*) There being no admissions from the defendant to rely upon and having failed to independently show that the complainant had been at least in the car of the defendant on the day in question, it was incumbent upon the People to establish some evidence which would show that the defendant had the opportunity to commit the crime in question. (Cf. *People* v. *Masse, supra.*) In other words, on the present record the proof of corroboration was "razor thin". The court having denied the motion to dismiss at the end of the People's case, it becomes necessary to examine the entire record and in particular, the main issue of this appeal, " corroboration". The defendant took the stand and categorically denied knowing the complainant or having intercourse with her and offered alibi testimony which was substantiated by two witnesses who came from the State of Florida to testify. It was a substantial defense, but apparently not accepted by the jury. It is necessary to consider the court's charge on the issue of corroboration. In substance, what the court said was "unless you find credible evidence outside of the complainant's own testimony to establish that the offense was committed upon her by the defendant, you must find the defendant not guilty". That the jury was having problems as to corroboration and what it was to consider on this issue is evident from their course of action in returning on two occasions for further instructions; on one occasion asking for further instructions on " corroboration " and on the second occasion for " corroborative identification ". In both instances the court repeated in substance its original charge which legally was correct, but the jury was never informed as to what factually might be considered by it in deciding corroboration, and to that extent the charge was confusing and placed the jury in a " vacuum ". It was and is essential in all criminal cases and particularly where the issues are closely contested to adequately and fully marshall the facts *as to the issues* presented so that the jury, in seeking to enforce the law as outlined by the court, may know what factually was testified to at the trial *and upon which* the issue must succeed or fall. (Cf. CPL 300.10, subd. 2.) If the testimony concerning the " automobile " and the " ring " did not constitute " corroboration ", then on this particular record there was none and the indictment should have been dismissed at the end of the People's case. The Trial Judge had the duty to give adequate, detailed and balanced instructions to the jury and the failure to do so, although no objection was taken, is of such significance that this court, under its express power of review on appeal, will examine the charge to determine if the duty is such as to require a new trial. *The jury wanted to know, not the definition of corroboration, but precisely what facts could be considered as to the issue of corroboration.* The issues as to whether the defendant was the guilty party and if so, whether there were a forcible rape, was vital. If we were to assume that the jury could consider the exhibits as charged by the court on the issue of corroboration, the jury was then entitled to know under what circumstances. The " carte blanche " charge as to exhibits was error. (Code Crim. Pro., §. 527; *People* v. *Johnson,* 6 A D 2d 181.) That the charge was confusing and misleading is best evidenced by the conduct of the jury. Under the circumstances, on the issue of corroboration,

the verdict was bottomed on speculation and surmise. From a review of the record this is not a situation where the guilt of the defendant is so clear and convincing that the error can be considered "harmless". On the present record we dissent and vote to reverse and grant a new trial, both on the law and in the interest of justice. (See CPL 470.15, subd. 6, par. [a].)